# COUNTY OF PERRY v. CHARLES TROUTMAN.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF PERRY COUNTY.

Submitted May 26, 1891—Decided October 5, 1891.

Under § 17, act of June 7, 1879, P. L. 120, and the supplements to said act,—act of June 10, 1881, P. L. 99; act of June 30, 1885, P. L. 193; act of June 1, 1889, P. L. 420,—all moneys owing by solvent debtors and secured by judgment or mortgage, though payable by instalments without interest, are taxable for state purposes at the rate provided.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 155 July Term 1890, Sup. Ct.; court below, No. 4 August Term 1890, C. P.

On April 29, 1890, a case stated was filed wherein the county of Perry was plaintiff and Charles Troutman, defendant, submitting for decision the question whether certain judgments and mortgages securing purchase-money indebtedness, payable at certain dates without interest, were subject to state tax under the provisions of the act of June 7, 1879, P. L. 112, and its supplements.

The case stated being argued, the court, BARNETT, P. J., filed the following opinion:

The material facts in the case stated are that Charles Troutman sold five several farms, situate in Buffalo township in this county, to five different purchasers, and took judgments from two of the purchasers and mortgages from the other three, to secure the unpaid purchase money, payable in annual instalments without interest; that, under the act of 1879 and its supplements, the prothonotary and recorder, respectively, have certified said judgments and mortgages into the commissioners' office, and the commissioners have placed them in the statement furnished to the assessors of Buffalo township, and it is proposed to tax them three mills on the dollar under the provisions of the acts of assembly above mentioned. The ques-

tion to be decided is, " are judgments and mortgages, which do not bear interest, taxable under the provisions of the act of 1879 and the supplement passed in 1889 ? "

The act of 1879, § 17, P. L. 120, provides : " That all mortgages, money owing by solvent debtors, whether by promissory note, penal or single bill, bond or judgment, also all articles of agreement and accounts bearing interest, owned or possessed by any person or persons whatsoever, (except notes or bills for work or labor done, and all obligations given to banks for money loaned, and bank notes,) . . . . shall be and are hereby made taxable for state purposes at the rate of four mills on every dollar of the value thereof annually." The first section of the act of 1881, P. L. 99, with the exception of a few unimportant verbal changes, is identical with the foregoing. The same may be said of the first section of the act of 1885, P. L. 193, except that the rate is reduced to three mills annually. The first section of the act of 1889, P. L. 420, provides that : " All personal property of the classes hereinafter enumerated . . . . . is hereby made taxable annually for state purposes at the rate of three mills on each dollar of the value there of : . . . . . All mortgages, all moneys owing by solvent debtors, whether by promissory note, or penal or single bill, bond or judgment ; all articles of agreement and accounts bearing interest ; all public loans whatsoever, except," etc. There would seem to be nothing in these provisions doubtful, and therefore nothing to construe mortgages and judgments as personal property, included in the same class. All that is required to render judgments taxable is that they shall be owing by solvent debtors. Articles of agreement and accounts are included in the second class ; it is to them that the words " bearing interest " are applicable.

It is said that the act of 1844 was the beginning of our present revenue system ; per CLARK, J., in Commonwealth v. Canal Co., 123 Pa. 624. The thirty-second section of the act of 1844, P. L. 497, provides that " all real estate, to wit, houses, lands ; . . . . . also all personal estate, to wit, horses, mares, geldings, mules and neat cattle over the age of four years ; also, all mortgages, money owing by solvent debtors, whether by promissory note, penal or single bill, bond or judgment ; also, all articles of agreement and accounts bearing interest "

Opinion of Court below.

shall be valued and subject to taxation. The act of 1846, § 3, P. L. 486, made it the duty of each assessor " to require every person, . . . . to deliver to him a statement . . . . . showing the aggregate amount of money due and owing by solvent debtors to such person . . . . whether on mortgage, judgment, decree, bond, note, contract, agreement, accounts and settlements in the Orphans' courts and courts of Common Pleas, and other accounts, excepting executory contracts and agreements where possession has not been delivered to the vendee under such contracts and agreements, and excepting notes, contracts or accounts for work or labor done, and bank notes, whether payable on demand or at any specified time, past, present or future, or whether the time of payment be specified or not, and whether containing an agreement to pay interest or not, whether written or verbal," for purposes of taxation. " There is a laborious intent, on part of the legislature, to include every species of interest or personal property of this kind, so as to defy the evasion of legal subtlety, no matter by what name held or invested: " Per COULTER, J., in Phila. Saving Fund v. Yard, 9 Pa. 362. The act of March 15, 1847, P. L. 396, provided that said third section should not be so construed as to impose a tax on the running or book accounts of merchants or others, for goods sold or work done. Since 1844, therefore, to the present time, mortgages and moneys owing by solvent debtors have continued to be subjects of taxation. They are personal property; they are taxable as such, whether they bear interest or not.

The seventh and eighth sections of the act of 1889, requiring a record of mortgages and judgments to be certified and filed in the commissioners' office, provide that a daily record shall be kept " of every mortgage or article of agreement given to secure the payment of money " and " of every single bill, bond, judgment or other instrument securing a debt," and so filed as aforesaid in the commissioners' office. If only judgments and mortgages that bore interest are taxable, it would be useless to require others to be so certified and filed. All mortgages, all moneys owing by solvent debtors are " taxable annually for state purposes at the rate of three mills on each dollar of the value thereof."

It seems to us that the only difference between mortgages

Opinion of the Court.

!or judgments payable in instalments, with interest from a fixed date, and those payable in instalments without interest, is that a larger sum is payable in the one case when the instalment falls due than in the other, and therefore "the value thereof" is by that much the greater. "Individual mortgages, money in the hands of solvent debtors, etc., are ordinarily, indeed we think universally, valued at their face. The actual value of an individual mortgage, or of an obligation for money in the hands of a solvent debtor, is presumptively its face value. If the mortgage is bad, or the obligor is not solvent, the debt is not taxable; if, on the contrary, they are good, the common experience of business men is that the face value is the actual value ascertained in the ordinary modes of assessment:" Per CLARK, J., in Commonwealth v. Canal Co., 123 Pa. 624. See Spangler.v. York Co., 13 Pa. 322; Fox's App., 112 Pa. 337; People v. Eddy, 43 Cal. 331 (13 Am. Rep. 143); Blickensderfer v. School Directors, 20 Pa. 38; Commonwealth v. Railroad Co., 104 Pa. 89; People v. Worthington, 21 Ill. 171 (74 Am. Dec. 86).

Being of opinion that the mortgages and judgments owned by the defendant are included within the general terms "all mortgages" and "all moneys owing by solvent debtors," of the act of 1889, and are therefore taxable for state purposes, we, therefore, now, June 17, 1890, in accordance with the terms of the case stated, enter judgment in favor of the plaintiff for one dollar and costs of suit.

—Thereupon, the defendant took this appeal, assigning the order entering judgment for the plaintiff, under the facts contained in the case stated, for error.

*Mr. Lewis Potter,* for the appellant.

*Mr. James W. Shull,* for the appellee.

PER CURIAM:
Affirmed upon the opinion of the learned judge of the court below.